**3**

INVOICE

Non-Negotiable                                    Private Between the Parties

From CREDITOR:

    Dante' Antoine Rogers
    c/o Ron Rogers - AGENT
    4200 Norman
    Kentwood, MI 49508

To DEBTOR:

    COMMANDER CHRIS McINTIRE
    MICHIGAN ENFORCEMENT TEAM
    345 Northlad Drive, NE
    Rockford, MI 49341

VERIFIED STATEMENT OF ACOUNT

    In accordance with the notice and terms set forth within the private, consensual contract by and between the above-described DEBTOR and CREDITOR, i.e., "21 DAY NOTICE BY WRITTEN COMMUNICATION SELF-EXECUTING SECURITY AGREEMENT dated 6/28/2013, sent via U.S.P.S. Registered Mail No: 7012 -3050 - 0001 - 6077 - 8691, received and executed by DEBTOR on 6/28/2013, an accounting of the obligation incurred by DEBTOR, current as of the date of this Invoice, with respect to the above stated consensual contract is set forth as follows:

AMOUNT DUE:

    DEBTOR must sign, date, and immediately transmit the plea of confession (complementary copy attached hereto) to the address listed below.

THE AMOUNT DETAILED ABOVE IS NOW DUE AND OWING.   PAYMENT IN FULL IS NOW DEMANDED:

REMIT TO:

    Dante' Antoine Rogers
    c/o Ron Rogers - Agent
    4200 Norman
    Kentwood, MI 49508


Dated:  15 July 2013

APPROVED BY:

*[signature]*
Dante' Antoine Rogers

WSS.11A



```
            Dante' Antoine Rogers
                SECURED PARTY
            c/o Ron Rogers - AGENT
                 4200 Normon
               Kentwood, MI 49508
```

TO RESPONDENT:

COMMANDER CHRIS McINTIRE
MICHIGAN ENFORCEMENT TEAM
345 Northland Drive NE
Rockford, MI 49341

### 21 - DAY NOTICE BY WRITTEN COMMUNICATION SELF-EXECUTING SECURITY AGREEMENT

NON-NEGOTIABLE                                           PRIVATE BETWEEN THE PARTIES

This Notice by Written Communication/Self-Executing Security Agreement (hereafter "this Notice"), is sent for the purpose of clearing up a misunderstanding on the part of the above-named SECURED PARTY, and sets forth SECURED PARTY's demand for RESPONDENT's admissions of fact as set forth in the attached plea of confession. In the event that RESPONDENT determines that legal advice is necessary, RESPONDENT may hire a professional qualified in providing such advice.

It is SECURED PARTY's understanding that RESPONDENT has breached the formal agreement between RESPONDENT and SECURED PARTY that is more fully described in the plea of confession. In the event that RESPONDENT is able to prove that SECURED PARTY has received accord and satisfaction in full as SECURED PARTY could reasonably expect to receive under the above-referenced agreement, RESPONDENT must provide such proof to SECURED PARTY's agent (hereafter "the Agent"), named above and within the plea of confession via U.S.P.S. Registered Mail within seventy-two (72) hours of midnight the day following RESPONDENT's receipt of this Notice.

SECURED PARTY is not now, nor has SECURED PARTY ever voluntarily, intelligently, and willingly agreed to enter the above-referenced agreement without RESPONDENT's specific performance of the obligations consistent with the terms set forth in the plea of confession.

(a) <u>Acceleration of Acceptance of Obligation of Consensual Contract</u>

With the intent of being contractually bound, RESPONDENT consents and agrees by this Notice that, without any further act by SECURED PARTY, SECURED PARTY is immediately entitled to a judgment establishing a public record of the truthfulness of the facts stated in the plea of confession, and that any failure by RESPONDENT to authenticate, date, and return the plea of confession to the Agent via U.S.P.S. Registered Mail within twenty-one (21) calendar days after RESPONDENT's receipt of this Notice accelerates RESPONDENT's acceptance of the terms set forth below in paragraphs "(1)" through "(5)" under "Self-executing Security Agreement" wherein RESPONDENT is "DEBTOR."

(b) <u>Procedure for Opting Out of Consensual Contract</u>

RESPONDENT's failure to authenticate, date, and send to the Agent the plea of confession within the terms specified above consensually binds RESPONDENT currently with SECURED PARTY, as of RESPONDENT's initial obligation owed to SECURED PARTY, in respect of fair accord and satisfaction due SECURED PARTY for SECURED PARTY's specific performance under the above-referenced agreement. RESPONDENT can opt out and withdraw from this consensual contract with SECURED PARTY and retain no obligation associated therewith only by authenticating, dating, and sending the plea of confession to the Agent via U.S.P.S. Registered Mail within the twenty-one (21) calendar day period set forth in subsection "(a)" above.

(c) <u>Self-executing Security Agreement</u>

By the act of RESPONDENT's failure to comply with the demand stated above following RESPONDENT's receipt of this Notice, RESPONDENT as "DEBTOR" only in this "Self-executing Security Agreement" - section, accepts the obligation of this consensual contract, this Notice concomitantly becomes a security agreement (hereafter "Security Agreement") wherein RESPONDENT is DEBTOR and SECURED PARTY remains SECURED PARTY, and DEBTOR:
1. Consents and agrees to the filing of a warrant to confess judgment (hereafter "the Warrant") in any court of competent jurisdiction. The Warrant shall provide DEBTOR's confession that all facts set forth by the plea of confession are true, correct, complete, and certain to the best of DEBTOR's knowledge.
2. Authenticates this Security Agreement.
3. Waives all rights of removal to any alternative court and waives all defenses.
4. Appoints SECURED PARTY (and the Agent), as Authorized Representative for DEBTOR, effective upon DEBTOR's default in DEBTOR's contractual obligations in favor of SECURED PARTY as set forth below under "Payment Terms" and "Default Terms," granting SECURED PARTY (and the Agent) full authority and power for engaging in any and all actions necessary on behalf of DEBTOR for the sole purpose of authenticating and filing the Warrant, as SECURED PARTY, in SECURED PARTY's sole discretion, deems appropriate; And DEBTOR further consents and agrees that the appointment of SECURED PARTY (and the Agent) as Authorized Representative for DEBTOR, effective upon DEBTOR's default, is irrevocable and coupled with a security interest.
5. Consents and agrees with all of the following additional terms of this Self-executing Security Agreement:
  (a) Payment terms. Without incurring any financial obligation necessary to file the Warrant, DEBTOR hereby consents and agrees that DEBTOR has authorized SECURED PARTY (and the Agent) to effect the filing of the Warrant within ten (10) calendar days of date SECURED PARTY's invoice (hereafter "Invoice") is sent DEBTOR.
  (b) Default Terms. In event of DEBTOR's failure to authenticate, date, and send the plea of confession to the Agent via U.S.P.S. Registered Mail within ten (10) calendar days of date Invoice is sent, DEBTOR shall be deemed in default and SECURED PARTY (and the Agent) is appointed DEBTOR's Authorized Representative as set forth above in paragraph "4."
  (c) Terms for Curing Default. Upon event of default, as set forth above under "Default Terms," DEBTOR can cure DEBTOR's default and avoid entry of the Warrant against DEBTOR only within twenty (20) calendar days of DEBTOR's default and only by immediately authenticating, dating, and sending the plea of confession to the Agent via U.S.P.S. Registered Mail.
  (d) Terms of Entry of the Warrant. DEBTOR's failure to authenticate, date, and send the plea of confession to the Agent within said twenty (20) calendar day period for curing default as set forth above under "Terms for Curing Default" authorizes SECURED PARTY's (and the Agent's) immediate appointment as DEBTOR's authorized representative without any further act by SECURED PARTY for the express sole purpose of effectuating the filing of the Warrant in any court of competent jurisdiction.

ADDITIONAL PROVISIONS

Any unenforceable provision of this Notice is severed from this Notice, but every remaining provision continues in full force and effect and this Notice is deemed modified in a manner that renders this Notice effective and in full force and effect. In all cases SECURED PARTY continues without liability and is held harmless. Any prior communication, written document, and the like by and between DEBTOR and SECURED PARTY containing any mistake by SECURED PARTY is invalidated thereby and of no force and effect, and may not be relied upon by DEBTOR against SECURED PARTY in this matter. DEBTOR consents and agrees that this Notice is a private, consensual non-negotiable contract and may not be impaired by any third party. DEBTOR consents and agrees in full with all terms, conditions, and provisions as stated above.

With the intent of entering this consensual contract DEBTOR and SECURED PARTY do herewith execute this Security Agreement.

/s/ Commander Chris McIntire  6/28/2013
―――――――――――――――――――――――――――――――――
DEBTOR
By Dante' Antoine Rogers

SECURED PARTY accepts DEBTOR's signature in accord with MCL §§ 440.1201(39) and 4400.3401

_[signature]_  6/28/2013
―――――――――――――――――――――――――――――――――
Dante' Antoine Rogers
SECURED PARTY

_[signature]_                                      _[signature]_
―――――――――――――――――         ―――――――――――――――――
Witness                                            Witness

WSS  09                    (3) of 3

PLEA OF CONFESSION

TO:

Dante' Antoine Rogers
c/o Ron Rogers - Agent
4200 Norman
Kentwood, MI 49508


FROM:

COMMANDER CHRIS McINTIRE
MICHIGAN ENFORCEMENT TEAM
342 Northland Drive NE
Rockford, MI 49341


To Whom it May Concern:

On 9/7/2004 Dante' Antoine Rogers was one of three men arrested involving the sale of 56 grams of cocaine to undercover police officer Paul Kenny. Arraignment on three criminal charges was held on 9/9/2004 at the 17th Judicial Circuit Court of Kent County, Michigan. Jason S. Barrix was retained by Dante' Antoine Rogers to defend against the criminal prosecution. Jason S. Barrix informed Dante' Antoine Rogers that Kent County Assistant Prosecutor Jay W. Stone had offered to dismiss Counts II and III of the criminal charges in return for Dante' Antoine Rogers' agreement to specific performance as a confidential informant (CI) for the Michigan Enforcement Team (MET). Dante' Antoine Rogers was advised by Jason S. Barrix that contingent upon Dante' Antoine Rogers': (a) waiver of preliminary examination, (b) agreement to plead guilty to Count I of the criminal matter, and (3) agreement to function as a CI cooperating in controlled drug purchased with the police, Dante' Antoine Rogers would be entitled to "work-off-his-time" and avoid incarceration in prison.

After accepting the offer made by Jason S. Barrix, Dante' Antoine Rogers waived preliminary examination in the criminal matter and was brought to a conference room in the courthouse where he met with MET Detective "Jason." Once in the conference room, Dante' Antoine Rogers was debriefed by Detective Jason regarding any and all individuals known by Dante' Antoine Rogers who were involved in the manufacture and sale of narcotics. Pursuant to the CI agreement, Dante' Antoine Rogers provided the following intelligence which named: (a) "Obi," whose contact was a cocaine trafficker; (b) "Zachery," whose contact was a high volume marijuana trafficker; and (c) "Jimmy," whose contact lived in the upper peninsula and regularly traveled to Grand Rapids to make purchases of 2 - 3 ounces of cocaine at a time.

On or about 9/22/2004 Detective Jason presented Dante' Antoine Rogers a series of 8½" X 11" surveillance photographs and asked Dante' Antoine Rogers if he could identify the two Hispanic subjects depicted therein. Dante' Antoine Rogers positively identified the subjects and drew a map detailing the whereabouts of the subjects. The subjects were subsequently apprehended by law enforcement and prosecuted..

Dante' Antoine Rogers informed Detective Jason regarding the "My Place Bar" on Division Street in Grand Rapids, where a high volume of narcotics trafficking regularly occurred. The intelligence provided by Dante' Antoine Rogers included the identities and look-out-posts of several individuals whom alerted patrons upon the approach of police.

On 10/11/2004, I, COMMANDER CHRIS McINTIRE, then a lieutenant and supervisor with MET, met with Dante' Antoine Rogers and assigned Dante' Antoine Rogers to work with MET Detective "Gino." At that time Detective Gino presented Dante' Antoine Rogers an application for CI tracking number. Later that day, Detective Gino escorted Dante' Antoine Rogers to the location where a subject known as "Shawn" was selling narcotics. Dante' Antoine Rogers executed a cocaine purchase from Shawn who was subsequently arrested and convicted for

trafficking narcotics.

Dante' Antoine Rogers was latter assigned to work with MET Detective "Reed" who used Dante' Antoine Rogers to execute a cocaine purchase. Detective Reed also debriefed Dante' Antoine Rogers regarding numerous other narcotics traffickers doing business in Kent County.

Dante' Antoine Rogers was also assigned to work with MET Detective "Bob. With Dante' Antoine Rogers' assistance, Detective Bob obtained sufficient evidence to effectuate the arrest and conviction of a narcotics trafficker known as "Big Al." Further, Dante' Antoine Rogers provided Detective Bob with intelligence regarding a newly discovered drug-house where multiple narcotics dealers had set up shop.

In light of the above sated facts, and relying on the promises made by Jason S. Barrix, Jay W. Stone, and myself, on 11/2/2004 Dante' Antoine Rogers pled guilty to Count I of the criminal charge arising from Dante' Antoine Rogers' arrest. However, contrary to the expressed terms used by the above-named parties to induce Dante' Antoine Rogers into the CI agreement, Dante' Antoine Rogers was sentenced to serve 10 to 20 years at the Michigan Department of Corrections and remains there to this day.


Commander Chris McIntire  6/24/2013
COMMANDER CHRIS McINTIRE
MICHIGAN ENFORCEMENT TEAM
345 Northland Drive NE
Rockford, MI 49341
BY: Dante' Antoine Rogers
    AS AUTHORIZED REPRESENTATIVE


Dante' Antoine Rogers ACCEPTS Commander Chris McIntire's signature in accord with MCL §§ 440.1201(39), 440.3401 and the NOTICE OF DEFAULT presented herewith.

_Dante' J. Rogers_ 6/24/2013
Dante' Antoine Rogers
c/o Ron Rogers - Agent
4200 Norman
Kentwood, MI 49508

(2) of 2