UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RON ROGERS AND
DANTE ANTOINE ROGERS,

        Plaintiffs,        Case No. 1:13-cv-1204

v.        Honorable Janet T. Neff

CHRIS McINTIRE,

        Defendant.
_____/

## OPINION

Plaintiffs purport to bring an action on bond pursuant to 28 U.S.C. § 1874. Plaintiff Ron Rogers, who is not a prisoner, alleges that he is an agent for Plaintiff Dante Rogers. Plaintiff Dante Rogers is a state prisoner presently incarcerated by the Michigan Department of Corrections at the Cooper Street Correctional Facility. Defendant Chris McIntire is a Commander with the Michigan Enforcement Team.[1] Plaintiffs have paid the filing fee.

### Factual Allegations

Plaintiffs sue Defendant McIntire for alleged violation of 28. U.S.C. § 1874, which provides:

> In all actions to recover the forfeiture annexed to any articles of agreement, covenant, bond, or other specialty, wherein the forfeiture, breach, or nonperformance appears by default or confession of the defendant, the court shall render judgment for the plaintiff for such amount as is due. If the sum is uncertain, it shall, upon request of either party, be assessed by a jury.

---

[1] The Michigan Enforcement Team is a multijurisdictional drug enforcement task force comprised of a number of different state, county and city law enforcement agencies. *See* http://www.michigan.gov/msp/0,4643,7-123-1589_3493_4602-21689--,00.html (last visited 1/30/2014)

Dante Rogers appends to the complaint several "exhibits" which he, or someone on his behalf, created and which he signed for himself *and for the defendant*. The exhibits purport to demonstrate that Dante Rogers and defendant had an agreement, which Dante Rogers has valued at $50,000, and that defendant has defaulted and confessed judgment on the agreement. Consequently, Plaintiffs request that the Court accept defendant's confession of judgment and enter judgment against him in the amount of $50,000.

## Discussion

### 1. Ron Rogers

Ron Rogers appears in this action as agent for Dante Rogers. Ron Rogers does not allege any claims for relief on behalf of himself. He is not a party to the agreement that allegedly exists between Dante Rogers and defendant, nor has he created or signed any documents that would allow him to benefit from the entry of judgment against defendant.

As the Supreme Court has explained, "[n]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." *Raines v. Byrd*, 521 U.S. 811, 818 (1997). "Article III standing . . . enforces the Constitution's case-or-controversy requirement." *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004). As the party invoking federal jurisdiction, Plaintiffs bear the burden of establishing standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). If Plaintiffs cannot establish constitutional standing, their claims must be dismissed for lack of subject matter jurisdiction. *Loren v. Blue Cross & Blue Shield of Mich.*, 505 F.3d 598, 607 (6th Cir. 2007). "Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the case." *Steel Co. v. Citizens*

*for a Better Env't*, 523 U.S. 83, 94 (1998). Because the standing issue goes to this Court's subject matter jurisdiction, it can be raised *sua sponte*. *Loren*, 505 F.3d at 607.

In evaluating a party's standing, the Court must determine whether the plaintiff has alleged "'such a personal stake in the outcome of the controversy' as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf." *Warth v. Seldin*, 422 U.S. 490, 498-99 (1975) (quoting *Baker v. Carr*, 369 U.S. 186, 204 (1962)).

> To satisfy Article III's standing requirements, a plaintiff must show: (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Cleveland Branch NAACP v. City of Parma*, 263 F.3d 513, 523-24 (6th Cir. 2001).

The Court lacks subject matter jurisdiction to consider Ron Roger's claims. To the extent Ron Rogers makes any claims at all, he makes them solely as an agent of Dante Rogers. Consequently, he has failed to satisfy Article III's standing requirement and his case must be dismissed. *See Steel Co.*, 523 U.S. at 94.

### 2. Dante Rogers

As discussed above, Dante Rogers sues Defendant McIntire for violation of 28 U.S.C §1874 based on documents which Dante Rogers, or someone acting on his behalf, created and which Dante Rogers, and only Dante Rogers, has signed.

Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C.

§ 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Dante Rogers' action will be dismissed for failure to state a claim.

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

Dante Rogers claim for violation of 28 U.S.C. § 1874 lacks merit because he fails to allege any facts to suggest that Defendant McIntire entered into an agreement with him. "There must be a meeting of the minds on all the material facts in order to form a valid agreement, and whether such a meeting of the minds occurred is judged by an objective standard, looking to the express words of the parties and their visible acts." *Groulx v. Carlson*, 176 Mich. App. 484, 491, 440 N.W. 2d 644, 648 (1989) (quoting *Siegel v. Spinney*, 141 Mich. App. 346, 350, 367 N.W. 2d 860 (1985)). There is nothing in the complaint or the exhibits attached to the complaint to suggest that Defendant McIntire entered into an agreement with Dante Rogers. Dante Rogers does not allege any facts to establish that Defendant McIntire agreed to pay him any amount of money, let alone $50,000. Moreover, the exhibits, signed only by Dante Rogers, are not evidence of any agreement. There can be no breach in the absence of an agreement. Consequently, Dante Rogers fails to state a claim and his case must be dismissed.

## **Conclusion**

On its own motion, the Court dismisses Plaintiff Ron Rogers' action for lack of subject matter jurisdiction.

Additionally, the Court has conducted the review required by the Prison Litigation Reform Act and has determined that Plaintiff Dante Rogers' action must be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b), and 42 U.S.C. § 1997e(c).

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

Dated: February 6, 2014         /s/ Janet T. Neff
                                Janet T. Neff
                                United States District Judge